IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DONALD DAVID DIXON, | : | CIV. NO. 23-1764 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STEVIE KNIGHT, | : | |
| Warden FCI Fort Dix, | : | |
| Respondent | : | |

This matter comes before the Court upon the petition for writ habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Donald David Dixon (Pet., Dkt. No. 1), and Respondent's notice of the Supreme Court's decision in *Jones v. Hendrix*, No. 21-857, ___ S.Ct.___, 2023 WL 4110233 (U.S. June 22, 2023), which abrogated *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997). (Letter, Dkt. No. 7.) Petitioner is a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"). He was convicted and sentenced in the United States District Court, Eastern District of North Carolina for Conspiracy to Unlawfully Dispense and Distribute Oxycodone, Oxymorphone, Methadone, and Alprazolam in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(l)(C); and Unlawful Dispensation and Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(l), 21 U.S.C. § 84l(b)(l)(C). *U.S. v. Dixon*, 17:6-cr-00030-D-1 (E.D.N.C. Dkt. No. 447.) [1] Petitioner's direct appeal was denied by the Fourth Circuit Court of Appeals in July 2021. *Id.*

---

[1] Available at www.pacer.gov.

(Dkt. Nos. 571, 573.) Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was dismissed by the sentencing court on April 14, 2022. *Id.* (Dkt. Nos. 595, 596.)

Petitioner seeks habeas corpus relief pursuant to *Ruan v. United States*, where the Supreme Court recently held that for "purposes of a criminal conviction under § 841," the Government must prove "that a defendant knew or intended that his or her conduct was unauthorized." 142 S. Ct. 2370, 2382 (2022). For jurisdiction, Petitioner relies on the holding in *Dorsainvil*, that "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" may use the safety valve of 28 U.S.C. § 2255(e) to bring a habeas claim under 28 U.S.C. § 2241. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, No. 21-857, 2023 WL 4110233 (U.S. June 22, 2023). (Petr's Mem., Dkt. No. 1-1 at 6-7.)

In *Jones*, the Supreme Court held that "a federal prisoner may not … file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." The statutory "limitation on second or successive motions" does not "make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones*, 2013 WL at 4110233, at *4. *Jones* precludes jurisdiction under § 2241 of Petitioner's claim. Therefore, this Court will dismiss the petition for lack of jurisdiction.

An appropriate order follows.

**Date:  July 6, 2023**

                                               s/Renée Marie Bumb
                                               **RENÉE MARIE BUMB**
                                               **Chief United States District Judge**